IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GREGORY LANE BURR,

    Plaintiff,                   No. CIV S-10-0120 GEB GGH P

   vs.

ARNOLD SCHWARZENEGGER, et al.,

    Defendants.              FINDINGS AND RECOMMENDATIONS

_____/

Introduction

        Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983. Pending before the court is defendants' November 16, 2010, motion to dismiss the first amended complaint, pursuant to nonenumerated Fed. R. Civ. P. 12(b), in response to which plaintiff filed both an opposition and a proposed second amended complaint, on January 13, 2011. Plaintiff's opposition on the face of it was untimely and, although he sought no extension of time, the court will liberally deem the opposition timely filed and consider it, as well as plaintiff's proposed second amended complaint. Defendants have filed no response either to the opposition or the proposed second amended complaint.

\\\\

\\\\

1

Plaintiff's First Amended Complaint

   Plaintiff claims his Fourteenth Amendment right to due process and equal protection as well as his Eighth Amendment right to be free from cruel and unusual punishment were violated by his placement in Pleasant Valley State Prison (PVSP) where he alleges he contracted Valley Fever in March of 2009, the result of which has caused him to suffer night sweats, headaches, joint and body aches, scarred lungs; he also contends he has been continually denied proper medication. First Amended Complaint (FAC), pp. 4-5. Plaintiff alleges that he was particularly vulnerable to the disease in light of his Hepatitis C condition and that the defendants should have known they were placing him in an area in which Valley Fever is endemic. Id. at 4. Named defendants are former Governor Arnold Schwarzenegger; former Secretary of the California Department of Corrections and Rehabilitation (CDCR) James Tilton; [CDCR Undersecretary] Scott Kernan; James Yates, Warden of PVSP; and Felix Igbinosa, PVSP Chief Medical Officer (CMO). Id. at 1, 3. He seeks both money, including punitive damages, and injunctive relief in the form of lifelong medical care. Id. at 4.

Motion to Dismiss

   Defendants move for dismissal, under non-enumerated Fed. R. Civ. P. 12(b), for plaintiff's alleged failure to exhaust administrative remedies as to all defendants. Motion to Dismiss (MTD), pp. 1-6.

   *Legal Standard under Non-Enumerated Fed.R.Civ.P. 12(b)*

   In a motion to dismiss for failure to exhaust administrative remedies under non-enumerated Rule 12(b) of the Federal Rules of Civil Procedure, defendants "have the burden of raising and proving the absence of exhaustion." Wyatt v. Terhune, 315 F.3d 1108, 1119 (9th Cir. 2003). The parties may go outside the pleadings, submitting affidavits or declarations under penalty of perjury, but plaintiff must be provided with notice of his opportunity to develop a record. Wyatt v. Terhune, 315 F.3d at 1120 n.14. The court provided plaintiff with such fair notice by Order, filed on September 13, 2010 (docket # 14).

Should defendants submit declarations and/or other documentation demonstrating an absence of exhaustion, making a prima facie showing, plaintiff must refute that showing. Plaintiff may rely upon statements made under the penalty of perjury in the complaint if the complaint shows that plaintiff has personal knowledge of the matters stated and plaintiff calls to the court's attention those parts of the complaint upon which plaintiff relies. If the court determines that plaintiff has failed to exhaust, dismissal without prejudice is the appropriate remedy for non-exhaustion of administrative remedies. Wyatt v. Terhune, 315 F.3d at 1120.

*PLRA Requirements*

The Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e(a) provides that, "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Inmates seeking injunctive relief must exhaust administrative remedies. Rumbles v. Hill, 182 F.3d 1064 (9th Cir. 1999). In Booth v. Churner, 532 U.S. 731,741, 121 S. Ct. 1819, 1825 (2001), the Supreme Court held that inmates must exhaust administrative remedies, regardless of the relief offered through administrative procedures. Therefore, inmates seeking money damages must also completely exhaust their administrative remedies. Booth v. Churner, 532 U.S. 731, 121 S. Ct. 1819 (inmates seeking money damages are required to exhaust administrative remedies even where the grievance process does not permit awards of money damages). The United States Supreme Court has held that exhaustion of administrative remedies under the PLRA requires that the prisoner complete the administrative review process in accordance with the applicable procedural rules. Woodford v. Ngo, 548 U.S. 81, 126 S. Ct. 2378 (2006). Thus, in the context of the applicable PLRA § 1997e(a) exhaustion requirement, any question as to whether a procedural default may be found should a prisoner plaintiff fail to comply with the procedural rules of a prison's grievance system has been resolved: the PLRA exhaustion requirement can only be satisfied by "proper exhaustion of administrative remedies....," which means that a prisoner cannot satisfy the

requirement "by filing an untimely or otherwise procedurally defective administrative grievance or appeal." Woodford v. Ngo, supra, at 84, 126 S. Ct. at 2382.  Moreover, 42 U.S.C. § 1997e(a) provides that no action shall be brought with respect to prison conditions *until* such administrative remedies as are available are exhausted. McKinney v. Carey, 311 F.3d 1198 (9th Cir. 2002), but see Rhodes v. Robinson, 621 F.3d 1002 (9th Cir. 2010) (PLRA exhaustion requirement satisfied with respect to new claims within an amended or supplemental complaint so long as administrative remedies are exhausted prior to the filing of the amended or supplemental complaint).

*Administrative Exhaustion Procedure*

In order for California prisoners to exhaust administrative remedies, they must proceed through several levels of appeal:  1) informal resolution, 2) formal written appeal on a CDC 602 inmate appeal form, 3) second level appeal to the institution head or designee, and 4) third level appeal to the Director of the California Department of Corrections. Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997) (citing Cal. Code Regs. tit. xv, § 3084.5).  A final decision from the Director's level of review satisfies the exhaustion requirement. Id. at 1237-38.

*Argument & Analysis*

Defendants contend that plaintiff failed to file even one grievance claiming they caused his Valley Fever, either at PVSP or Ironwood State Prison (ISP).  MTD, pp. 3, 5, citing declaration of H. Martinez, a health care appeals coordinator at PVSP (docket # 18-2), ¶¶ 1, 6; and declaration of L. Blair, a health care appeals coordinator at ISP (docket # 18-1), ¶¶ 1,6.  The only medical appeal plaintiff filed, according to defendants, was at ISP and concerned his request for medication to treat Valley Fever, filed on November 25, 2009, but it did not proceed beyond the informal level.[1]  MTD, p. 5, Blair Dec., ¶ 6.  In addition, the chief of third-level health

---

[1] Defendants appeared to have mis-dated the filing date of this appeal.  It appears to have been signed by plaintiff on November 3, 2009, stamped as filed on November 5, 2009, and partially granted at the informal level on November 25, 2009.  See MTD, docket # 18-1, pp. 6-10.

4

appeals avers that plaintiff never filed any health care appeals at the third level. MTD, p. 5, Declaration of J. Walker (docket # 18-3), ¶¶ 1, 5.

        On the face of his first amended complaint, plaintiff avers that he filed an inmate 602 appeal on each of his contentions, waited for a response, pursuant to the time limits of CAL. CODE REGS. tit.xv, § 3084.6 (1)(2)(3) and (4), and when no response was forthcoming constituting a denial of the relief he sought, proceeded to federal court. FAC, p. 2. In his opposition, plaintiff claims that he repeatedly filed CDC 7362 forms, along with medical appeals and non-medical 602 appeals, requesting x-rays and medicine to treat Valley Fever, which did not receive a reply, averring that prison officials were deliberately indifferent to his serious medical needs. Opposition (Opp.), p. 1. He contends that, while vitamins and medications were prescribed, they were not delivered. Id. at 2. He also, somewhat contradictorily in light of his contention that he did not receive appeal responses, argues that a granted or partially granted appeal signifies that no further relief can be granted by way of any additional appeal, i.e. it would essentially be futile. Id.

        Plaintiff includes, among his appended exhibits to his opposition, a copy of three CDC 7362 health services request forms and a 602 inmate appeal, all filed at Ironwood State Prison. Opp., pp. 5-13. In the first CDC 7362 health services request, directed to Ironwood State Prison (ISP), dated 10/16/09, plaintiff asks for a Vitamin C refill he had not received; the request is dated as received on 10/17/09, and dated as completed on 10/20/09. Id. at 5. From what the court can discern, in response it is observed that plaintiff had not received Vitamin C, eyedrops or lotion, noted that there are no orders for these items and ends with the note that plaintiff is to take Fluconazole as prescribed. Id. In a copy of a CDC 7362 form, dated 11/20/09, plaintiff says he has Valley Fever and states that he has seen a therapist for his shoulder joints but has not been helped and he seeks an x-ray; the request is dated as received on 11/22/09, and dated as completed on 11/24/09. Id. at 6. Among the notations in response is that plaintiff is referred to

\\\\

1  "PCP[2] for follow up" and is to continue taking Motrin. Id.  In a copy of a 6/10/10 CDC 7362
2  form, plaintiff says he has Valley Fever and is out of the Fluconazole medication he takes for it,
3  feels weak, is having headache and joint ache and wants an x-ray and bone scan to see if
4  infection has spread; this request is dated as received on 6/11/10, and dated as completed on
5  6/14/10. Id. at 7.  It is noted in response that plaintiff has been referred to a Dr. Williams (the
6  PCP) for a 6/30/10 appointment. Id.  It is also noted that he has not had Diflucan (apparently,
7  Fluconazole) for three weeks and that his prescription for 600 mg. of Ibuprofen expired on
8  2/21/10. Id.  Plaintiff includes a 602 appeal dated 11/03/09, at ISP, stating that he had put in
9  three health care request forms but has only received his Fluconazole, although he is supposed to
10  receive lotions, vitamins and eyedrops. Id. at 10-11.  This appeal was partially granted on
11  11/25/09, at the informal level, with the statement that his refills for Fluconazole went out on
12  11/19/09, but that his Vitamin C, lotion and eyedrop prescriptions had expired. Id. at 12.
13  Plaintiff was told he would need to fill out a CDC 7362 to see his primary care provider to renew
14  those prescriptions. Opp., pp. 5-13.  There is no other exhibit indicating that plaintiff either
15  appealed to the first formal level or that he made the subsequent CDC 7362 request to see a
16  primary care provider.  None of these appeals address the gravamen of his claims against the
17  instant defendants that they were deliberately indifferent in exposing him to Valley Fever by
18  housing him at PVSP, which he contracted.  Defendants' motion should be granted.
19  Proposed Second Amended Complaint
20          Possibly having correctly concluded that his first amended complaint is in fact not
21  administratively exhausted, plaintiff filed a proposed second amended complaint.  In this
22  incarnation, plaintiff identifies no defendants by name (other than naming former Gov.
23  Schwazenegger in the case caption) and makes a claim for deliberate indifference to his serious
24  medical condition, claiming that while he was housed at PVSP, he was prescribed medication

---

[2] PCP is apparently an acronym for primary care provider.

and vitamins for San Joaquin Valley Fever, but upon his transfer to ISP, PVSP did not provide orders that he was to continue necessary treatment to suppress his Valley Fever and that ISP is now denying him proper medical care, claiming that his several CDC 7362 forms have not received a response. Second Amended Complaint (SAC), pp. 2-3. Plaintiff asks for money, including punitive damages, as well as injunctive relief in the form of ISP being required to provide him with medication and medical treatment for his condition. Id., at 2.

In the first place, plaintiff's own exhibits in opposition to defendants' motion to dismiss indicate that his CDC 7362 requests have received responses at ISP, although apparently not to his satisfaction. Second, Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Plaintiff's failure to identify the individual defendants whom he holds responsible for his alleged inadequate medical care at ISP violates the Federal Rules of Civil Procedure inasmuch as Rule 8 requires "sufficient allegations to put defendants fairly on notice of the claims against them." McKeever v. Block, 932 F.2d 795, 798 (9th Cir. 1991)). Accord Richmond v. Nationwide Cassel L.P., 52 F.3d 640, 645 (7th Cir. 1995) (amended complaint with vague and scanty allegations fails to satisfy the notice requirement of Rule 8.).

Third, on the face of it, plaintiff has failed once again to exhaust his administrative remedies with regard to these new claims against ISP. Plaintiff references only having filed several health care request forms, presumably the ones of which he has produced in his opposition, filed on the same date as the proposed second amended complaint. In this instance, plaintiff has implicitly conceded his failure to exhaust administrative remedies as to the unnamed ISP defendants. A prisoner's concession to nonexhaustion is a valid ground for

7

1 dismissal of an action. Wyatt v. Terhune, 315 F.3d at 1120; McKinney v. Carey, 311 F.3d at
2 1200-01; Carroll v. Department of Corrections, 2008 WL 4911179 * 1 (N.D. Cal. 2008)
3 ("[b]ecause exhaustion under § 1997e(a) is an affirmative defense, a complaint may be dismissed
4 for failure to exhaust only if failure to exhaust is obvious from the face to the complaint and/or
5 any attached exhibits"). If the court concludes that the prisoner has not exhausted administrative
6 remedies, "the proper remedy is dismissal of the claim without prejudice." Wyatt, 315 F.3d at
7 1120. For all the above reasons, the court will recommend dismissal of the second amended
8 complaint and dismissal of this action without prejudice.

9 "Liberality in granting a plaintiff leave to amend 'is subject to the qualification
10 that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is
11 not futile.'" Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001),
12 quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). "[A] district court retains its
13 discretion over the terms of a dismissal for failure to state a claim, including whether to make the
14 dismissal with or without leave to amend." Lopez v. Smith, 203 F.3d at 1124. "The district
15 court's discretion to deny leave to amend is particularly broad where plaintiff has previously
16 amended the complaint." Metzler Inv. GMBH v. Corinthian Colleges, Inc. 540 F.3d 1049, 1072
17 (9th Cir. 2008), quoting In re Read-Rite Corp., 335 F.3d 843, 845 (9th Cir. 2003).

18 In addition, the federal venue statute requires that a civil action, other than one
19 based on diversity jurisdiction, be brought only in "(1) a judicial district where any defendant
20 resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part
21 of the events or omissions giving rise to the claim occurred, or a substantial part of property that
22 is the subject of the action is situated, or (3) a judicial district in which any defendant may be
23 found, if there is no district in which the action may otherwise be brought." 28 U.S.C. § 1391(b).

24 In this case, none of the would-be defendants at Ironwood State Prison reside in
25 this district. The allegations arose in Riverside County, which is in the Central District of
26 California. Therefore, any future complaint plaintiff make seek to file raising the same claims

should be filed in the United States District Court for the Central District of California.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss, pursuant to nonenumerated Rule 12(b), filed on November 16, 2010 (docket # 18), be granted as to plaintiff's first amended complaint; and that plaintiff's proposed second amended complaint, filed on January 13, 2011 (docket # 20), be dismissed for, inter alia, plaintiff's implicit concession that he has failed to exhaust administrative remedies, and this action be dismissed without prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 05/23/2011

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
UNITED STATES MAGISTRATE JUDGE

GGH:009
burr0120.mtd